# Attachment 2: Pleadings & Answers

Filed 2/12/2015 8:00:00 AM
R. David Guerrero
District Clerk
Jim Wells County, Texas
Sandra Garcia, Deputy

15-02-54206-CV

CAUSE NO. _____

| | | |
|---|---|---|
| MARISSA and JOSE BENAVIDES, | § | IN THE DISTRICT COURT |
| Individually and as Representatives | § | |
| of the Estate of AB, Deceased | § | |
| | § | |
| VS. | § | _____ JUDICIAL DISTRICT |
| | § | |
| RICHARD J. GUAJARDO, M.D. and | § | |
| CHRISTUS SPOHN HEALTH SYSTEM | § | |
| CORPORATION d/b/a CHRISTUS | § | |
| SPOHN HOSPITAL ALICE | § | JIM WELLS COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES MARISSA and JOSE BENAVIDES, Individually and as Representatives of the Estate of AB, Plaintiffs in the above-styled and numbered cause (hereinafter called "Plaintiffs"), complaining of RICHARD J. GUAJARDO, M.D. and CHRISTUS SPOHN HEALTH SYSTEM CORPORATION d/b/a CHRISTUS SPOHN HOSPITAL ALICE, (hereinafter called "Defendants"), and for cause of action, would respectfully show unto the Court as follows:

### I.
### DISCOVERY PLAN

Pursuant to Rule 190.1 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiffs intend to conduct discovery in this case pursuant to a Level 3 Discovery Control Plan.

### II.
### PARTIES

Plaintiff, MARISSA BENAVIDES, is the Mother of AB, and is a resident of Alice, Jim Wells County, Texas.

Plaintiff, JOSE BENAVIDES, is the Father of AB, and is a resident of Alice, Jim Wells County, Texas.

Defendant, RICHARD J. GUAJARDO, M.D., is a physician who is licensed to practice in the State of Texas and may be served with Citation by serving his attorney of record Richard Woolsey, 555 N. Carancahua, Suite 1160, Corpus Christi, Texas 78401.

Defendant, CHRISTUS SPOHN HEALTH SYSTEM CORPORATION d/b/a CHRISTUS SPOHN HOSPITAL ALICE, is a Domestic Limited Liability Company and may be served with process by serving its Registered Agent for service, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th St., Suite 620, Austin, Texas 79701-3218.

## III.
## JURISDICTION

The Court has jurisdiction in this case based on appropriate subject matter (medical malpractice) and based upon sufficient amount in controversy.

Pursuant to Tex. R. Civ. P. 47(b), all damages sought by Plaintiff are within the jurisdictional limits of the court.

Pursuant to Tex. R. Civ. P. 47(c)(4), this case seeks monetary relief over $200,000 but not more than $1,000,000.

No administration of the Estate of AB is pending, and none is necessary. AB was a newborn infant when she died.

## IV.
## VENUE

All or a substantial part of the events made the basis of this lawsuit occurred in Alice, Jim Wells County, Texas. Thus, pursuant to the CIVIL PRACTICE AND REMEDIES CODE § 15.002(a)(1), venue is proper in Jim Wells County, Texas.

## V.
## NOTICE

Plaintiffs would show that, in accordance with TEXAS CIVIL PRACTICE AND REMEDIES CODE, §74.051 and §74.052, the Defendants herein have been placed on notice of Plaintiffs' claims.

## VI.
## PARTIAL IDENTIFICATION NUMBERS

Pursuant to TEX. CIV. PRAC. & REM. CODE §30.014, Plaintiffs provide the following information:

| Plaintiffs | DL# | SSN |
|---|---|---|
| Marissa Benavides | TX xxxxx736 | xxx-xx-x578 |
| Jose Benavides | TX xxxxx109 | xxx-xx-x391 |

## VII.
## FACTUAL BACKGROUND AND NEGLIGENCE

Plaintiffs would further show that at all times relevant hereto CHRISTUS SPOHN HEALTH SYSTEM CORPORATION d/b/a CHRISTUS SPOHN HOSPITAL ALICE, is a health care facility which held, and does hold itself out to the general public, including the Plaintiffs herein, as a health care facility which is competent and qualified to provide health care services, with all the necessary care and precaution expected of health care facilities.

MARISSA BENAVIDES was 39 weeks pregnant and scheduled for caesarian section on April 16, 2014. On April 15, 2013, Marissa went into labor and presented to CHRISTUS SPOHN HOSPITAL ALICE and was admitted to the labor and delivery

("L&D") department. Her obstetrician was unavailable, so the doctor on call, RICHARD J. GUAJARDO, M.D., took over her care.

Marissa was put on external fetal monitor (EFM) at approximately 11:24 a.m. At 11:29 a.m., the EFM evidenced a late deceleration. Over the next 20 minutes, the fetus experienced several more late decelerations. At 11:37 a.m., the fetal heart rate was bradycardic. Within the first 20-30 minutes of EFM monitoring, a reasonable and prudent L&D nurse should have known that an expedited C-section delivery was indicated at or before 12:45 p.m.

At 12:00 noon, the L&D nurse applied oxygen to Marissa, and at 12:02 p.m. turned her to her left side, in an effort to improve fetal status. Finally, at 12:05, the L&D nurse notified Dr. Guajardo of Marissa's admission.

Dr. Guajardo did not present at Marissa's bedside until 12:45 p.m. At 12:49 p.m., Dr. Guajardo interpreted the EFM strip as "minimal variability, variable decelerations to 90s with rapid return to baseline," making no reference to any late decelerations and/or fetal distress. Dr. Guajardo decided to "proceed with repeat C-section with tubal [ligation]."

The L&D nurse called the operating room team at 12:52 p.m. An CRNA discussed the anesthesia plan at Marissa's bedside at 1:12 p.m., the operating room was ready at 1:18 p.m., surgery was started at 1:28 p.m., and Marissa delivered A B at 1:35 p.m., with no respirations and aspiration of thick meconium below the chord. Neonatal CPR was initiated. At 1:56 p.m., after the administration of epinephrine, a pulse was obtained.

AB was transferred to the NICU at Driscoll Children's Hospital where she was found to have suffered severe hypoxic ischemic encephalopathy, convulsions and septicemia. AB was removed from the ventilator and died on April 17, 2013 at 9:35 a.m.

## VIII.
## NEGLIGENCE

Plaintiffs believe and allege that Defendant CHRISTUS SPOHN HOSPITAL ALICE, acting by and through their agents, agents by estoppel, ostensible agents, nurses, servants, representatives, and/or employees, committed certain acts and/or omissions in the medical/nursing care and treatment of AB, which constituted negligence, and that such negligent acts and/or omissions include, but are not limited to, the following:

1. Failing to adequately monitor MARISSA BENAVIDES while in labor;

2. Failing to accurately assess the EFM strip;

3. Failing to provide appropriate nursing interventions for fetal distress;

4. Failing to timely notify the physician of fetal distress;

5. Failing to timely communicate fetal distress to the physician;

6. Failing to timely assemble the operating team for an expedited C-section; and

7. Failing to timely prepare the operating room for an expedited C-section.

Plaintiffs believe and allege that Defendant RICHARD J. GUAJARDO, M.D., acting by and through his agents, agents by estoppel, ostensible agents, nurses, servants, representatives, and/or employees, committed certain acts and/or omissions in the medical/nursing care and treatment of AB, which constituted negligence, and that such negligent acts and/or omissions include, but are not limited to, the following:

-5-

1. Failing to arrive at the hospital in a timely manner;

2. Failing to adequately communicate with L&D nursing staff regarding fetal distress; and

3. Failing to perform a STAT C-section upon arrival to the hospital at 12:40 p.m.

Plaintiffs would show that each and all of the above and foregoing acts and/or omissions on the part of the Defendants herein constitute negligence, and each and all were a direct and proximate cause of the injuries and damages sustained by the Plaintiffs herein.

## IX.
## DAMAGES

As a proximate cause of the occurrence made the basis of this lawsuit, Plaintiffs have sustained substantial damages to which they are entitled under Sections 71.002 and 71.021 of the Texas Civil Practice and Remedies Code.

As a result of the occurrence, MARISSA and JOSE BENAVIDES have sustained substantial damages to which they are entitled under the law more particularly as follows:

1. pecuniary loss;

2. loss of companionship and society; and

3. mental anguish.

Furthermore, as a direct result of the occasion in question, the Estate of AB, deceased, is entitled to money damages for the medical and funeral expenses, conscious pain, suffering, and mental anguish that AB sustained as a result of the incident.

# X.
# JURY DEMAND

Plaintiffs hereby request a trial by jury.

WHEREFORE, PREMISE CONSIDERED, Plaintiffs pray the Defendants be duly cited to appear and answer herein, and that upon final trial of this cause, Plaintiffs have and recover a judgment of and from the Defendants herein, in an amount within the jurisdictional limits of this court, for both pre-judgment and post-judgment interest as allowed by law, plus costs of court, and for such other and further relief, both general and special, at law or in equity, to which the Plaintiffs may be justly entitled.

Respectfully submitted,

By: *Beth S. Janicek /s/*
BETH S. JANICEK
State Bar No. 00788495
JANICEK LAW FIRM, PC
1100 NE Loop 410, Suite 550
San Antonio, Texas 78209
210.366.4949 *Telephone*
210.979.6804 *Facsimile*
beth@janiceklaw.com

GLENN W. CUNNINGHAM
State Bar No. 05236500
LAW OFFICES OF GLENN W. CUNNINGHAM
14100 San Pedro Ave., Suite 550
San Antonio, Texas 78232
210.228.0600 *Telephone*
210.228.0602 *Facsimile*
glenn@cunninghamfirm.com

*Attorneys for Plaintiffs*

# CIVIL CASE INFORMATION SHEET

**CAUSE NUMBER** *(FOR CLERK USE ONLY)*: 15-02-54206-CV _____   **COURT** *(FOR CLERK USE ONLY)*: _____

**STYLED:** Marissa and Jose Benavides, et al vs. Richard J. Guajardo, M.D., et al
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

## 1. Contact information for person completing case information sheet:

| | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name: Beth S. Janicek | Email: beth@janiceklaw.com | Plaintiff(s)/Petitioner(s): MARISSA and JOSE BENAVIDES, Individually and as Representatives of the Estate of AB | ☒ Attorney for Plaintiff/Petitioner<br>☐ Pro Se Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: ____ |
| Address: 1100 NE Loop 410, Suite 500 | Telephone: 210-366-4949 | | Additional Parties in Child Support Case: |
| City/State/Zip: San Antonio, Texas 78209 | Fax: 210-979-6804 | Defendant(s)/Respondent(s): RICHARD J. GUAJARDO, M.D. and CHRISTUS SPOHN HEALTH SYSTEM CORPORATION d/b/a CHRISTUS SPOHN HOSPITAL ALICE, | Custodial Parent: ____<br>Non-Custodial Parent: ____ |
| Signature: *Beth S. Janicek* | State Bar No: 00788495 | [Attach additional page as necessary to list all parties] | Presumed Father: ____ |

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

| Civil | | | | Family Law | |
|---|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | | **Post-Judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br><br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☒ Medical<br>☐ Other Professional Liability: ____<br>☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability List Product: ____<br><br>☐ Other Injury or Damage: | ☐ Eminent Domain/ Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property:<br><br>**Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus— Pre-indictment<br>☐ Other: ____ | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children<br><br><br>**Other Family Law**<br>☐ Enforce Foreign Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities of Minority<br>☐ Other: ____ | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other<br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order<br><br>**Parent-Child Relationship**<br>☐ Adoption/Adoption with Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Paternity/Parentage<br>☐ Termination of Parental Rights<br>☐ Other Parent-Child: ____ |
| **Employment** | **Other Civil** | | | | |
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: ____ | | | |

| | *Probate & Mental Health* | |
|---|---|---|
| **Tax** | *Probate/Wills/Intestate Administration* | ☐ Guardianship—Adult |
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | ☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: ____ |

## 3. Indicate procedure or remedy, if applicable (may select more than 1):

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |



# WOOLSEY & ASSOCIATES, PLLC

March 17, 2015

<u>VIA CERTIFIED MAIL 7012 2920 0001 5089 3470</u>
R. David Guerrero, District Clerk
**JIM WELLS COUNTY COURTHOUSE**
200 North Almond Street, Suite 207
P.O. Drawer 2219
Alice, Texas 78333

MAR 1 9 2015

RE:    Cause No. 15-0254206-CV; <u>Marissa and Jose Benavides, Individually and as Representatives of the Estate of AB, Deceased vs. Richard J. Guajardo, M.D. and CHRISTUS Spohn Health System Corporation d/b/a CHRISTUS Spohn Hospital Alice; In the 79th Judicial District Court, Jim Wells County, Texas</u>
      Our File No.:      1028.010109

Dear Mr. Guerrero:

Enclosed for filing please find an original and one copy of **DEFENDANT, RICHARD J. GUAJARDO, M.D.'S ORIGINAL ANSWER** regarding the above-referenced matter.

Please file the document and return the copy in the self-addressed envelope provided. By copy of this transmittal letter, I am forwarding a copy of same to all counsel of record.

Thank you, in advance, for your assistance with this matter.

Sincerely,

Richard C. Woolsey

RCW:vc
Enclosure

cc:    <u>VIA U.S. MAIL</u>
       <u>and FACSIMILE 210/979-6804</u>
       Beth Janicek
       **JANICEK LAW FIRM, PC**
       1100 NE Loop 410, Suite 550
       San Antonio, Texas 78209

1160 Tower II ♦ 555 N. Carancahua ♦ Corpus Christi, Texas 78401
P. (361) 561-1961 ♦ F. (361) 561-1967
rwoolsey@rcwoolseylaw.com

R. David Guerrero, District Clerk
JIM WELLS COUNTY COURTHOUSE
March 17, 2015
Page 2

---

**VIA U.S. MAIL**
**and FACSIMILE 210/228-0602**
Glenn W. Cunningham
**LAW OFFICES OF GLENN W. CUNNINGHAM**
14100 San Pedro Avenue, Suite 550
San Antonio, Texas 78232

FILED AT 10:00 O'CLOCK __ M
R. DAVID GUERRERO
MAR 19 2015
CLERK DIST COURT JIM WELLS CO, TEXAS
BY _____ DEPUTY

CAUSE NO. 15-02-54206-CV

| | | |
|---|---|---|
| MARISSA and JOSE BENAVIDES, Individually and as Representatives of the Estate of AB, Deceased | § § § § | IN THE DISTRICT COURT |
| VS. | § § | 79TH JUDICIAL DISTRICT |
| RICHARD J. GUAJARDO, M.D. and CHRISTUS SPOHN HEALTH SYSTEM CORPORATION d/b/a CHRISTUS SPOHN HOSPITAL ALICE | § § § § | JIM WELLS COUNTY, TEXAS |

## DEFENDANT, RICHARD J. GUAJARDO, M.D.'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES DEFENDANT **RICHARD J. GUAJARDO, M.D.**, one of the Defendants in the above-styled and numbered cause and files this his Original Answer in support thereof would respectfully show the Court the following:

### I.
### GENERAL DENIAL

Defendant exercises his right under the Texas Rules of Civil Procedure to enter a general denial to the material allegations of Plaintiffs' Original Petition, and upon this denial, demands a trial of the issues.

### II.
### CHAPTER 74 PROTECTIONS AND DAMAGE CAPS

Defendant invokes his right to rely on all of the provisions and protections afforded by Chapter 74 of the Texas Civil Practice and Remedies Code, including those portions limiting the amount of damages recoverable in this suit. See Tex. Civ. Prac. & Rem. Code §74.001 et seq.

## III.
## CHAPTERS 32 & 33 – CONTRIBUTION

Defendant hereby reserves his statutory right to contribution or credit with respect to other parties in this case as set forth in Chapter 32 and Chapter 33 of the Texas Civil Practices and Remedies Code. Defendant specifically reserves the right to submit issues to the jury inquiring of alleged negligence of all Defendants to this cause and/or settling Defendants, or alternatively, reserve the right to elect for a dollar-for-dollar credit for any settlement of monies or other valuable consideration paid to or for the benefit of Plaintiff, or alternatively, reserve the statutory right to avail themselves of such percentage or dollar credits as provided by statute and the common law.

## IV.
## MEDICAL BILLS PAID V. INCURRED

Plaintiff may not recover any amounts for past medical treatment greater than the actual amount paid or incurred by Plaintiff or by a third party on behalf of Plaintiff for such treatment. Such amounts are not recoverable under common law because they do not represent an obligation or expense incurred by the Plaintiff because of the incident in question. Recovery of such amounts is also precluded by Tex. Civ. Prac. & Rem. Code §41.0105. To the extent such damages arise from the treatment made for by Medicaid, such amounts are also not recoverable as a matter of law by federal and state Medicaid law.

## V.
## NOTICE OF DOCUMENTS TO BE USED AT TRIAL

Pursuant to Texas Rules of Civil Procedure 193.7, Defendant hereby notifies all parties of its intention to use all documents exchanged and produced between the parties in discovery,

including but not limited to correspondence, discovery responses and deposition exhibits, during the trial of the case.

## VI.
## DISCOVERY CONTROL PLAN

Defendants contends discovery in this case should be conducted under Level 3, TRCP 190.4, *et seq.*

## VII.
## JURY DEMAND

In accordance with Texas Rule of Civil Procedure 216, this Defendants demand a trial by jury, for which the jury fee has been submitted.

**WHEREFORE, PREMISES CONSIDERED**, Defendant respectfully requests that the Court enter judgment that Plaintiff take nothing by her claim, that costs of suit be assessed against Plaintiff, and that Defendant be granted such general relief to which they may be entitled.

Respectfully submitted,

WOOLSEY & ASSOCIATES, PLLC
555 N. Carancahua, Suite 1160
Corpus Christi, Texas 78401
Telephone: (361) 561-1961
Telecopier: (361) 561-1967

By: _____
RICHARD C. WOOLSEY
State Bar No. 21989100
rwoolsey@rcwoolseylaw.com
**DAVID J. KLEIN**
State Bar No. 24007497
dklein@rcwoolseylaw.com
**AMANDA G. SIMPSON**
State Bar No. 24076692
asimpson@rcwoolseylaw.com

**ATTORNEY FOR DEFENDANT RICHARD J. GUAJARDO, M.D.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was forwarded to all parties of record, by the method of service listed below, on this the _____ day of March, 2015.

*[signature]*
RICHARD C. WOOLSEY

**VIA U.S. MAIL**
**and FACSIMILE 210/979-6804**
Beth Janicek
**JANICEK LAW FIRM, PC**
1100 NE Loop 410, Suite 550
San Antonio, Texas 78209

**VIA U.S. MAIL**
**and FACSIMILE 210/228-0602**
Glenn W. Cunningham
**LAW OFFICES OF GLENN W. CUNNINGHAM**
14100 San Pedro Avenue, Suite 550
San Antonio, Texas 78232

Filed 3/27/2015 2:02:58 PM
R. David Guerrero
District Clerk
Jim Wells County, Texas
Rosie Garcia, Deputy

NO. 15-02-54206-CV

| | | |
|---|---|---|
| MARISSA AND JOSE BENAVIDES, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF AB, DECEASED, | § § § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| v. | § § | JIM WELLS COUNTY, TEXAS |
| RICHARD J. GUAJARDO, M.D. AND CHRISTUS SPOHN HEALTH SYSTEM CORPORATION D/B/A CHRISTUS SPOHN HOSPITAL ALICE, | § § § § § § | |
| Defendants. | § | 79TH JUDICIAL DISTRICT |

## ORIGINAL ANSWER OF DEFENDANT CHRISTUS SPOHN HEALTH SYSTEM CORPORATION D/B/A/ CHRISTUS SPOHN HOSPITAL ALICE

COMES NOW, CHRISTUS Spohn Health System Corporation d/b/a CHRISTUS Spohn Hospital Alice ("CHRISTUS"), Defendant in the above-entitled and numbered cause, and does make and file this their Original Answer to the Plaintiffs' Original Petition as well as all subsequent Petitions, and as grounds therefor, would respectfully show the Court the following:

I.

CHRISTUS agrees with Paragraph 1 of Plaintiffs' Original Petition which contains the statement that discovery in this case should be conducted under Level 3 of Tex.R.Civ.P. 190.

II.
**GENERAL DENIAL**

CHRISTUS denies each and every, all and singular, the allegations contained in the Plaintiffs' Original Petition and demands strict proof thereof by a preponderance of the evidence before the Court and a jury.

35140712.1

III.

For further answer, should same be necessary, CHRISTUS states that the damages complained of by Plaintiffs were solely or partially caused by a medical condition which was outside the control of CHRISTUS and is in no way the responsibility of CHRISTUS.

IV.

CHRISTUS states that they are entitled to rely upon those legal defenses and theories relevant to the issue of causation, either producing, contributing or proximate, that are variously known as Superseding Cause, Intervening Cause, Sole Proximate Cause, New and Independent Cause, and Act of God.

V.

CHRISTUS does not believe that any party to this case is liable to the Plaintiffs. However, in the unlikely event that a jury finds CHRISTUS liable, CHRISTUS further pleads that the damages claimed by Plaintiffs may have been caused in whole and/or in part by person(s) over whom CHRISTUS had no control and/or person(s) who are not the agents or servants of CHRISTUS and/or person(s) who are not the ostensible agents of CHRISTUS and/or person(s) against whom Plaintiffs have not brought a cause of action and/or person(s) who are not parties to this lawsuit.

VI.

Pleading to the Court only, CHRISTUS asserts that Plaintiffs' claims against them are "health care liability claims" under the Health Care Liability Act, Tex. Civ. Prac & Rem. Code § 74.001 *et seq.* Tex. Civ. Prac. & Rem. Code Ann. § 74.01(a)(13). Therefore, Plaintiffs' claims against CHRISTUS are subject to the substantive and procedural requirements and protections of the Health Care Liability Act, including, but not limited to the following:

    a.    Limitations on non-economic and total damages, Id. §§ 74.301, 74.303.

    b.    Threshold expert report requirements and limitations on pre-report discovery, Id. § 74.351;

    c.    Qualifications of expert witnesses designated to testify against health care provider, Id. §§ 74.402, 74.403; and

    d.    Protections and limitations regarding payments for alleged future losses, Id. §§ 73.154, 74.303(e).

## VII.

CHRISTUS does not believe that any party to this case is liable to the Plaintiffs. However, in the unlikely event that the jury finds CHRISTUS liable to the Plaintiffs, and strictly in order to comply with the requirements of Chapter 33 of the Civil Practice and Remedies Code, CHRISTUS states that they are entitled to contribution of and from any and all other Defendants pursuant to Chapter 32 and 33 of the Texas Civil Practice and Remedies Code. CHRISTUS asserts their rights under Section 33.011(6) of the Texas Civil Practice and Remedies Code to submit the conduct of any present or future defendant, party defendant, cross-defendant, or third-party defendant as a responsible third party as that term is defined in Texas Civil Practice & Remedies Code § 33.011(6) in the event that those parties are nonsuited or dismissed or are for any reason cease to be party. The Court has jurisdiction over said parties, they are parties over whom Plaintiff could maintain a claim; and they are parties who, Plaintiff contends, may be liable to Plaintiff for all or part of the damages claimed against Defendants. As such, CHRISTUS reserves their rights, pursuant to Texas Civil Practice & remedies Code § 33.003, to a determination by the jury of the percentage responsibility said party or parties have as responsible third parties for any damages awarded by the jury for injuries claims by the Plaintiffs. As allowed by Rule 48 of the Texas Rules of Civil Procedure, CHRISTUS alternatively asserts their rights to a proportionate reduction of any damages found against them based upon the percentage of negligence attributable to any settling tortfeasor under Chapter 33 of the Civil Practice and Remedies Code.

35140712.1

VIII.

If any alleged or potentially liable tortfeasor settles or has settled with Plaintiffs relative to any claims asserted in this action, CHRISTUS expressly reserves the right to make a written election of credit for settlements as allowed under Chapter 33 of the Texas Civil Practice & Remedies Code.

IX.

CHRISTUS specially excepts to Paragraph IX of Plaintiffs' Original Petition to the extent is fails to specify which Joint Commission and the Center of Medicare Services standards CHRISTUS allegedly failed to comply with. Without such information, CHRISTUS cannot adequately prepare its defenses in this matter.

X.
**JURY DEMAND**

CHRISTUS hereby demands a trial by jury and tenders the fee contemporaneously with this Answer.

WHEREFORE, CHRISTUS Spohn Health System Corporation d/b/a CHRISTUS Spohn Hospital Alice requests that upon final trial and hearing hereof, Plaintiffs take nothing by way of this lawsuit, that CHRISTUS go hence without day and recover costs in their behalf expended and, if applicable, that CHRISTUS receive contribution, credit or offset, and/or a proportionate reduction of damages as allowed under the Texas Civil Practice & Remedies Code, Chapters 32 *et. seq.* and 33 *et. seq.* and pertinent subsections of the Texas Civil Practice & Remedies Code, and any other and further relief, at law or in equity, to which CHRISTUS may show themselves justly entitled.

Dated: March 27, 2015                NORTON ROSE FULBRIGHT US LLP

/s/ Charles A. Deacon
Charles A. Deacon
State Bar No. 05673300
charlie.deacon@nortonrosefulbright.com
Bertina B. York
State Bar No. 03354500
bertina.york@nortonrosefulbright.com
300 Convent Street, Suite 2100
San Antonio, TX 78205-3792
Telephone:   (210) 224-5575
Facsimile:   (210) 270-7205

Attorneys for Defendant CHRISTUS Spohn Health System Corporation d/b/a CHRISTUS Spohn Hospital Alice

### CERTIFICATE OF SERVICE

This pleading, Original Answer, has been served upon all counsel of record in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure on this 27th day of March, 2015:

Ms. Beth Janicek                          Mr. Glenn W. Cunningham
Law Offices of Beth S. Janicek            Law Offices of Glenn W. Cunningham
1100 NE Loop 410, Suite 550               14100 San Pedro Ave, Suite 550
San Antonio, TX 78209                     San Antonio, TX 78232-4387

/s/ Charles A. Deacon
Charles A. Deacon/Bertina B. York